**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JEFFREY P. MORGAN,**

        **Plaintiff,**

**-vs-**                                      **Case No. 6:10-cv-1851-Orl-22KRS**

**GROUPWARE INTERNATIONAL INC.,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 45)**
>
> **FILED:** **March 30, 2012**

**I. PROCEDURAL HISTORY.**

Plaintiff Jeffrey P. Morgan and Defendant Groupware International, Inc. seek the Court's approval of their settlement of claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*

On March 30, 2012, the parties filed their Joint Motion for Approval of Settlement and Dismissal with Prejudice. Doc. No. 45. The motion and the settlement agreement contained a statement of the distribution of settlement funds. The parties also filed the time sheets for work performed by counsel for Plaintiff. Doc. No. 45-2. The motion seeks approval of a settlement of

$15,000.00, consisting of $3,000.00 to Morgan in unpaid wages and liquidated damages and $12,000.00 for attorney's fees and costs. Doc. No. 45 at 5-6.

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009),[1] the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

## III. ANALYSIS.

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

### A. *Settlement Recovery.*

In his answers to the Court's interrogatories, Morgan averred that he was owed $5,718.50 in unpaid overtime and minimum wage compensation and an equal amount of liquidated damages for a total of $11,437.00 for Defendant's alleged violations of the FLSA. Doc. No. 12-1 at 2. Under the settlement agreement, Morgan will receive $3,000.00.

Morgan represents, through counsel, that he voluntarily agreed to this amount in light of the disputes about FLSA coverage and computation of overtime compensation due. Doc. No. 45 at 4. Morgan recognized the strength of Defendant's "good faith" defense, and the difficulty of proving the requisite knowledge on behalf of the Defendant of the hours Morgan claimed to have worked "off the clock." *Id.* The solvency of the Defendant and the ability of Morgan to collect on any potential judgment was also at issue. *Id.* His counsel notes that due to the disputed issues, the parties agreed to an amount of $3,000.00. Doc. No. 45 at 5. The facts and circumstances underlying the settlement have been adequately disclosed.

### B. *Attorney's Fees and Costs.*

Morgan has compromised his claim. The Court, therefore, must consider whether the payment to Plaintiff's attorney is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Morgan agreed to accept.

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably

expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

The settlement agreement provides for a payment of $12,000.00 to Attorney Adams for attorney's fees and costs. The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Serv., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). The Court "is itself an expert on the question [of reasonable fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (internal citations omitted).

Attorney Adams avers that a reasonable hourly rate for his services is $250.00 per hour. He has been a lawyer since 2002 and has previously been awarded $250.00 per hour by this Court in similar types of claims. Based on the foregoing, and absent objection, I find that $250.00 per hour is a reasonable hourly rate for Attorney Adams.

Judy Cane has trained and worked as a paralegal since 1999. She has extensive experience in court litigation and paralegal responsibilities. Attorney Adams avers that a reasonable hourly rate for her work is $95.00 per hour. Absent objection, I find that $95.00 per hour is a reasonable hourly rate for a paralegal of her experience, to the extent that she performed paralegal, rather than clerical or administrative work.

After deducting time worked that was clerical or administrative, and therefore not compensable, and excessive time, I find that the reasonable number of hours worked multiplied by the reasonable hourly rates of Attorney Adams and Paralegal Cane exceed the amount paid in fees and costs under the settlement agreement. Accordingly, the attorney's fees and costs paid under the settlement agreement are reasonable and did not improperly influence the amount Morgan agreed to accept under the settlement agreement.

    *C.    Confidentiality Provision.*

The settlement agreement contains a confidentiality provision. Counsel filed the settlement agreement under protest pursuant to the Court's order to do so. *See* Doc. Nos. 46, 47. Judges of this Court have found that confidentiality agreements are inappropriate in settlement agreements in which a plaintiff compromises his claims under the FLSA. *See, e.g., Dees v. Hydradry*, 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010); *accord Perry v. M/I Homes, Inc.*, No. 8:08-cv-491-T-33AEP, 2010 WL 2136502 (M.D. Fla. May 26, 2010). Based on the rationale in

these cases, it would be appropriate for the Court not to find the settlement agreement in this case fair due to the confidentiality clause.

However, the settlement agreement also contains a severability clause that permits any portion of the agreement found to be unenforceable to be severed from the remainder of the agreement. Based on the severability clause, I recommend that the Court find that the confidentiality provision should be severed from the settlement agreement, which the Court should not reserve jurisdiction to enforce. Under that circumstance, the confidentiality clause does not undermine the fairness of the settlement.

## IV.     RECOMMENDATION

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2. **GRANT in part** the Joint Motion for Approval of Settlement, Doc. No. 24;

3. **DECLINE** to approve the settlement agreement as a whole or reserve jurisdiction to enforce the settlement agreement;

4. **PROHIBIT** counsel for Morgan from withholding any portion of the $3,000.00 payable to Morgan under the settlement agreement;

5. **DIRECT** counsel for Morgan to provide a copy of the Court's Order to Morgan;

6. **DISMISS** the case with prejudice; and,

7. **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on May 16, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record